# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MILTON MANNING,<br>    *Plaintiff*,<br><br>v.<br><br>WILLIAM BARR, KIRSTJEN NIELSON, &<br>NIEVES CARDINALE,<br>    *Defendants*. | No. 3:18-cv-2067 (VAB) |

**RULING AND ORDER ON MOTION TO REMAND**

Milton Manning ("Plaintiff") is appealing the denial of his application for naturalization. Compl., ECF No. 1. Attorney General of the United States William Barr,[1] Secretary for the Department of Homeland Security Kirstjen Nielson, and Director of the United States Department of Homeland Security, Citizenship and Immigration Services Nieves Cardinale ("Defendants") move for remand and dismissal without prejudice. Mot. to Remand and Mot. to Dismiss without Prejudice ("Mot. Remand"), ECF No. 17.

For the reasons that follow, Defendants' motion for remand and dismissal without prejudice, ECF No. 17, is **GRANTED**.

**I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND**

On March 29, 2018, the U.S. Citizenship and Immigrations Services ("USCIS") denied Mr. Manning's N-400 form, and thus his application for naturalization, on moral character grounds. USCIS, "Decision" (Aug. 16, 2018), ECF No. 1 at 6 ("On March 29, 2018, USCIS denied your Form N-400 because you had not demonstrated that you met the good moral character eligibility requirement for naturalization. USCIS reached this decision based on the

---

[1] Attorney General Barr has been substituted for the former Attorney General Matthew Whitaker.

1

fact that you failed to provide the requested final, sealed disposition from your Virginia Criminal Record. The record reveals on January 3, 2017, you were charged with a felony crime, under, the Code of Virginia, section, 40, 1-103, cruelty and injuries to children/ penalty/abandoned infant.").

A month later, Mr. Manning requested a hearing, *id*., which the agency scheduled. Compl. at 2.

Before the hearing, Mr. Manning went to the USCIS office in Hartford to explain that he had a scheduling conflict and needed a new hearing date. *Id*.; Mot. Remand at 1. A USCIS staffer "advised [Mr. Manning] that his hearing would be continued[; but] the request for a continuance [allegedly] did not reach Plaintiff's alien file prior to the issuance of the denial of his naturalization application." Mot. Remand at 1. As a result, Mr. Manning's "naturalization application was denied for failure to appear at his scheduled hearing." *Id*.

On December 14, 2018, Mr. Manning, then *pro se*, filed a Complaint with this court seeking *de novo* review of his naturalization application. Compl. at 4 ("Request for Relief . . . . 1) My Naturalization Application Be Reviewed, 2) My Naturalization Application Be Granted.").

On May 14, 2018, Defendants filed their motion to remand and dismiss without prejudice. Mot. Remand. Defendants' motion corroborates Mr. Manning's claims that he sought and was promised a continuance, but that USCIS failed to continue his hearing and denied his naturalization application for his failure to appear. Mot. Remand at 2. The motion also states that on account of the agency's "mix-up," *id*., USCIS has re-scheduled Mr. Manning's hearing for July 2, 2019, *id*. However, "Defendants . . . assert that Plaintiff is not entitled to naturalization due to his failure to produce certified disposition records with respect to the criminal charges

filed against him in Virginia in 2017." *Id*. at 2–3.

On June 24, 2019, the Court convened a telephonic status conference with the parties, Minute Entry, ECF No. 20, including Mr. Manning's recently retained counsel, Notice of Appearance, ECF No. 14. At that conference, Mr. Manning's counsel asked the Court not to remand the case to the agency, but rather to exercise its jurisdiction to review Mr. Manning's naturalization application *de novo*. Minute Entry. Defendants submitted that the more efficient route would be a remand and dismissal without prejudice. *Id*.

## II.  DISCUSSION

The Court will address two issues on Defendants' motion for remand and dismissal: (1) the source of this Court's jurisdiction over Mr. Manning's appeal, and (2) whether the Court may remand this case for further proceedings at the agency.

### A.  Subject Matter Jurisdiction

"The sole authority to naturalize persons as citizens of the United States is conferred upon the Attorney General." *Iqbal v. Sec'y U.S. Dep't of Homeland Sec.*, 190 F. Supp. 3d 322, 327 (W.D.N.Y. 2016) (citing 8 U.S.C. § 1421). However, "[t]here are three avenues of judicial review." *Id*. (quoting *Escaler v. U.S. Citizenship and Immigration Servs.*, 582 F.3d 288, 290–91 (2d Cir.2009).

"First, if an application for naturalization is not acted upon within 120 days of the naturalization examination, an applicant can seek a hearing in a district court, which may determine the application or remand it to the CIS with instructions. 8 U.S.C. § 1447(b). Second, if an application is denied after completion of the available administrative review procedures, the applicant is able to seek review of the denial in a district court. 8 U.S.C. § 1421(c). The court is empowered to conduct a *de novo* review, making 'its own findings of fact and conclusions of

law,' and may conduct a hearing *de novo*. *Id*. Third, in extreme cases, mandamus relief may be available under [28] U.S.C. § 1361 for a failure to perform a clear, nondiscretionary duty." *Escaler*, 582 F.3d at 291.

Mr. Manning has neither submitted the date of his examination nor argued that the USCIS failed to act within one hundred and twenty (120) days of that examination. *Id*. As a result, Mr. Manning seems to be seeking relief under either 8 U.S.C. § 1421(c) or 28 U.S.C. § 1361.

Section 1421 states that judicial review is available for an agency denial following "a hearing before an immigration officer[.]" 8 U.S.C. § 1421(c). But this review, like all "[j]udicial review in immigration matters is narrowly circumscribed." *Langer v. McElroy*, No. 00-cv-2741 (RWS), 2002 WL 31789757, at *2 (S.D.N.Y. Dec. 13, 2002) (quoting *INS v. Aguirre-Aguirre*, 526 U.S. 415, 425 (1999)). In *Langer*, the court determined that it lacked jurisdiction following a series of missed hearings and an examination by a senior INS examiner, because the agency had not issued a final decision and the administrative review process was incomplete. *Langer*, 2002 WL 31789757, at *3; *see also Li v. I.N.S.*, No. 00-cv-7868, 2003 WL 102813, at *2 (S.D.N.Y. Jan. 10, 2003) ("According to a letter from Special Assistant U.S. Attorney F. James Loprest ("AUSA") to the court dated January 3, 2003, the INS has informed the AUSA that Mei Lap Sung's administrative appeal remains pending and his section 336(a) hearing is scheduled to be conducted before a senior naturalization examiner at the INS's Garden City, Long Island office on January 28, 2003 . . . .With his appeal still pending as of this date, however, plaintiff and the court can no longer avoid the fact that this action in federal court, as plaintiff pleads it, remains premature.").

While *Langer* is factually distinct from this case,[2] it demonstrates the principle of judicial restraint in immigration matters, set forth in the Second Circuit's *Aguirre-Aguirre* decision and elsewhere. Accordingly, this Court has subject matter jurisdiction over this case only if the hearing convened in Mr. Manning's absence and contrary to the agency's promise of a continuance, and subsequent denial of his application followed by a rescheduled hearing, constitute final agency action under 8 U.S.C. § 1421(c).[3] The Court need not decide this novel issue, as prudence and the Second Circuit permit remand.

B. **Discretionary Remand**

"A district court's remand to an administrative agency . . . keeps a case alive[.]" *Perales v. Sullivan*, 948 F.2d 1348, 1353 (2d Cir. 1991). As a result, district courts have the discretion to remand, and remand orders are generally not appealable. *Id*.

The Second Circuit may permit appeal of a district court's remand order where that order deprives a party of a future right to appeal. *id*. ("An exception to the finality requirement is recognized when the agency to which the case is remanded seeks to appeal, and that agency would be unable to appeal after the proceedings on remand."); *cf. Mead v. Reliastar Life Ins. Co.*, 768 F.3d 102, 108–09 (2d Cir. 2014) ("Taking into consideration our prior case law and the various analytical approaches used by our sister circuits, we now hold that remands to ERISA plan administrators generally are not 'final' because, in the ordinary case, they contemplate further proceedings by the plan administrator .") (internal citations omitted)).

---

[2] Factual distinctions between *Langer* and the present case include that: (1) the Langer plaintiff's application had been accepted, not denied; (2) the missed hearings were naturalization ceremonies; and (3) Defendants had not admitted that they mistakenly held a hearing rather than continuing it.

[3] The Court recognizes that a third avenue of judicial review may be available to Mr. Manning. *See Escaler*, 582 F.3d at 291. Mr. Manning has not argued for this extraordinary relief, however, and the Court presently finds no support for such relief.

Here, remand to USCIS deprives neither party of the opportunity to appeal. Indeed, Mr. Manning may prevail at next week's hearing before the agency. That result would be a faster route to naturalization than a full hearing before this Court.

Alternately, should the agency deny Mr. Manning's naturalization application following next week's hearing, Mr. Manning may appeal to this Court. Remand thus does not deprive Mr. Manning of a hearing before this Court; it merely keeps alive another path to naturalization. *Perales*, 948 F.2d at 1353.

For this reason, the Court grants Defendants' motion for remand and dismissal without prejudice. Mot. Remand.

**IV.     CONCLUSION**

For the reasons above, Defendants' motion for remand and dismissal without prejudice, ECF No. 17, is **GRANTED**.

The Clerk of the Court is respectfully directed to remand this case to U.S. Citizenship and Immigrations Services for further proceedings, and close this case.

The Clerk's Office is instructed that, if any party appeals to this court the decision made after the remand, any subsequent appeal is to be assigned to the undersigned.

SO ORDERED at Bridgeport, Connecticut, this 27th day of June, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE